NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| DANIEL BRET HARDY JR., ) | |
| ) | Supreme Court No. S-17405 |
| Appellant, ) | |
| ) | Superior Court No. 3PA-15-02319 CI |
| v. ) | |
| ) | <u>MEMORANDUM OPINION</u> |
| CASSANDRA MELISSA NIX, ) | <u>AND JUDGMENT</u>* |
| ) | |
| Appellee. ) | No. 1770 – May 27, 2020 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Jonathan A. Woodman, Judge.

Appearances: Steven J. Priddle, Anchorage, for Appellant. No appearance by Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices. [Stowers, Justice, not participating.]

## I. INTRODUCTION

A father appeals the superior court's custody decision, arguing that the court erred by awarding the father and mother shared legal and physical custody of their daughter. Seeing no abuse of discretion or other error, we affirm the court's decision.

## II. FACTS AND PROCEEDINGS

Daniel Hardy Jr. and Cassandra Nix are the parents of a daughter, who was born in August 2006. The couple resided together, for the most part, until November

---

\* Entered under Alaska Appellate Rule 214.

2015. In the weeks prior to their final separation, police responded to multiple incidents between them; each lodged complaints against the other, although none led to criminal charges. They also filed a series of domestic violence protective order requests; each alleged threats and assaults by the other, but, after a consolidated hearing on four petitions, the court denied all of the requests and no protective orders were entered.

Nix filed a custody complaint in late November seeking shared legal and primary physical custody of the daughter. Hardy responded by requesting sole legal and primary physical custody. Both requested sole legal and primary physical interim custody until the court could make a final custody determination.

The superior court held a hearing in January 2016 to decide interim custody. The court acknowledged the presumption for shared custody in interim custody proceedings and considered whether the daughter's best interests required a different arrangement.[1] Characterizing the parents' relationship as "toxic," the court noted that it was clear "[the daughter's] parents love her" and "she loves her parents." Determining there were no "grounds to vary from the [shared custody] presumption," the court awarded interim joint legal and shared physical custody.

Following a July 2016 custody investigation report recommending that Hardy have sole legal and primary physical custody, Hardy sought to modify the interim custody order. The superior court held a hearing and issued an oral decision. The court again stated the preference for shared custody in interim proceedings. And the court appeared to give significant weight to the daughter's preference for shared custody,

---

[1]     AS 25.20.070 establishes a presumption for shared custody in interim proceedings. To overcome the presumption the court must consider AS 25.24.150(c)'s best interests factors and conclude that shared custody would be "detrimental to the welfare of the child." AS 25.20.070. Alternatively, the presumption may be overcome if the court finds that "a parent . . . has a history of perpetrating domestic violence against the other parent [or] child." *Id.*; AS 25.24.150(g).

stating: "[T]o me the most telling thing was listening to [an audio recording of the daughter] and how . . . she really sounded happy [she] would . . . have roughly equal access while this case was going on." The court concluded, "I can't find any factors that would say that . . . it would be detrimental to change from that equal access," and it left shared interim custody in place.

A different custody investigator provided an updated report in July 2018, with new assessments of the AS 25.24.150(c) best interests factors. Contrary to the previous investigation, the new investigator recommended continued joint legal and shared physical custody, concluding:

> [The daughter] has a genuine love for each of her parents, as she knows they have for her. [The daughter] has the maturity to identify the strengths in each of her parents and has an appreciation for the time she has with them. She has a strong desire for her parents to be able to communicate and put aside the custody conflict. The communication challenges between [Hardy] and [Nix] should not consequence the time that [the daughter] has with each of her parents.

A custody trial took place over three days in August, October, and November 2018. The superior court adopted the updated custody investigator's report as its own findings. The court determined that joint legal and shared physical custody with the same weekly schedule that Nix and Hardy had been following since the January 2016 interim custody order was in the daughter's best interests.

Hardy appeals. Nix did not participate in the appeal.

## III. DISCUSSION[2]

Alaska Statute 25.20.060(a) allows either parent to petition the superior court to resolve a child custody dispute. The court must award custody based on the child's best interests and consider "all relevant factors, including those factors enumerated in AS 25.24.150(c)" when making its best interests determination.[3] It also must take into account the presumption against awarding custody to a parent with a history of perpetrating domestic violence against the other parent or the child.[4] The court may award shared custody if it determines that it is in the child's best interests.[5] When determining whether to award shared custody, factors listed in AS 25.20.090 may be considered.[6]

Hardy argues that the "court failed to consider any of the factors listed in AS 25.20.090" because the court's findings, based on the custody investigator's report, considered only the AS 25.24.150(c) best interests factors. Highlighting the "willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child"[7] as a particularly important factor given the parties' history, Hardy contends that the court abused its discretion by failing to make

---

[2] "Superior courts have broad discretion in child custody decisions, and we will reverse only if findings of fact are clearly erroneous or if the superior court abused its discretion." *Geldermann v. Geldermann*, 428 P.3d 477, 481 (Alaska 2018) (quoting *Riggs v. Coonradt*, 335 P.3d 1103, 1106 (Alaska 2014)).

[3] AS 25.20.060(a).

[4] *Id.*; *see also* AS 25.24.150(g).

[5] AS 25.20.060(c).

[6] AS 25.20.090.

[7] AS 25.20.090(6)(E).

a finding about that factor.  And he contends that the court's failure to consider Nix's alleged acts of domestic violence[8] was an abuse of discretion.

The custody investigator's report stated that its recommendations were "guided by AS 25.24.150" and then examined the first seven of the listed AS 25.24.150(c) factors.  When the superior court adopted the report as its own findings,[9] it made no separate findings about either the AS 25.24.150(c) factors or the similar AS 25.20.090 shared custody factors.  We have not specified the degree to which a court must make express findings about the AS 25.20.090 factors when awarding shared custody.  But regarding the AS 25.24.150(c) best interests factors we have said:

> [T]he trial court need not "specifically address the statutory factors detailed in AS 25.24.150(c), and make explicit 'ultimate' findings that the best interests of the children require the custodial disposition reached," but its findings "must either give us a clear indication of the factors which the superior court considered important in exercising its discretion or allow us to glean from the record what considerations were involved."[10]

---

[8]  *See* AS 25.20.090(8).

[9]  We previously have held that a trial court "is permitted to adopt a party's proposed order so long as 'the [proposed] findings and conclusions "reflect the court's independent view of the weight of the evidence." ' " *Jude M. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, No. S-16852, 2018 WL 3471847, at *3 (Alaska July 18, 2018) (alteration in original) (quoting *Harrelson v. Harrelson*, 932 P.2d 247, 250 n.2 (Alaska 1997)).  We have no reason to believe that adopting the custody investigator's report did not reflect the court's independent judgment in this case, and given the report's language we can ascertain the court's ruling.  But we strongly advise courts in future cases to utilize written findings and conclusions rather than generally adopting a custody investigator's report for that purpose.

[10]  *Smith v. Weekley*, 73 P.3d 1219, 1225 (Alaska 2003) (first quoting *Borchgrevink v. Borchgrevink*, 941 P.2d 132, 139-40 (Alaska 1997); then quoting *id.* at

(continued...)

And in unpublished decisions we have noted the substantial overlap between the AS 25.24.150(c) best interests factors and the AS 25.20.090 shared custody factors.[11] We have not required express shared custody factor findings when a court has made best interests findings overlapping the shared custody factors.[12] To raise a possible error in this context a party would have to point to an AS 25.20.090 factor not addressed by the AS 25.24.150(c) factors and demonstrate how, by overlooking the factor, the superior court's decision is flawed. That is not the case before us.

The superior court's adopted findings expressly considered custody factors: (1) the daughter's preference for shared custody; (2) the willingness of Nix and Hardy to facilitate a relationship with the other parent; (3) any evidence of domestic violence; and (4) any evidence of substance abuse by either parent. These AS 25.24.150(c) factors

---

[10]     (...continued)
137).

[11]     *See Michael M. v. Catherine T.*, No. S-16121, 2016 WL 6134804, at *3 n.5 (Alaska Oct. 19, 2016) ("The shared custody factors generally parallel the best interests factors but add several factors specifically tailored to a shared custody determination . . . ."); *Wells v. Wells*, No. S-11057, 2004 WL 541375, at *3 (Alaska Mar. 17, 2004).

[12]     *See Michael M.*, 2016 WL 6134804, at *3 n.5 (holding that overlap between best interests and shared custody factors and requirement that court "only . . . discuss relevant factors in explaining its decision" necessitated no differentiation between two sets of factors (quoting *West v. West*, 21 P.3d 838, 842 (Alaska 2001))); *Wells*, 2004 WL 541375, at *3 (noting that "separate and distinct discussion of the AS 25.20.090 factors" is unnecessary when trial court considers overlapping AS 25.24.150(c) factors); *Antal v. Marshall*, No. S-9273, 2000 WL 34546752, at *3 (Alaska Dec. 6, 2000) (concluding that court "implicitly considered relevant AS 25.20.090 factors" by considering AS 25.24.150 best interests factors).

also are to be considered under AS 25.20.090.[13] The findings additionally considered the daughter's physical, emotional, mental, religious, and social needs, which substantially overlap with factor AS 25.20.090(2).[14] In weighing each factor, the court implicitly considered relevant shared custody factors required by AS 25.20.090. The court therefore did not err or abuse its discretion by failing to consider statutorily mandated factors.

The superior court's adopted findings in particular observed that Hardy felt it was important for the daughter to have a relationship with her mother. This observation was supported by Hardy's statement that "he understands the need for a positive relationship between" Nix and the daughter "and is supportive of that relationship." The court's adopted findings noted a similar desire on Nix's part for the daughter to have a meaningful relationship with Hardy. This was supported by Nix's statement that: "She would like [Hardy] to have a deeper involvement in [the daughter's] life, facilitating open conversations with his daughter about her thoughts and feelings." Nix testified at trial that Hardy was a good father and that the daughter loved her father. Nix also acknowledged that — because she has certain physical disabilities — Hardy could do things with the daughter that Nix was unable to do. We therefore reject Hardy's argument that the court failed to consider this important factor.

Contrary to Hardy's assertion, the superior court also considered allegations of domestic violence and child neglect. The court acknowledged the history of domestic violence accusations, none of which had led to police charges or civil protective orders;

---

[13] *See* AS 25.20.090(1) (child's preference); AS 25.20.090(6)(E) (willingness of each parent to facilitate child's relationship with other parent); AS 25.20.090(8) (any evidence of domestic violence); AS 25.20.090(9) (evidence of substance abuse).

[14] AS 25.20.090(2) requires the court to consider "the needs of the child" generally.

both parties' requests for protective orders had been denied by a different judge after an evidentiary hearing held before the interim custody order was entered. The court discounted those allegations, and it noted: "There is no indication of physical altercations or domestic violence with one another or any other partner since 2016 when shared custody was established." It was not an abuse of discretion for the court to give this factor less weight and to assign greater weight to other factors, particularly the daughter's preference for spending equal time with her parents.

Because the superior court's findings adequately reflect consideration of the necessary factors and the record supports that the court's shared custody determination is in the daughter's best interests, we see no abuse of discretion or other error.[15]

## IV.    CONCLUSION

We AFFIRM the superior court's custody decision.

---

[15]    Hardy challenges the superior court's adverse credibility determination and suggests standards of review for the determination. Hardy insists he was credible and suggests the superior court erred by not sua sponte reviewing testimony from earlier hearings conducted by other judges to prepare for the evidentiary hearing on the final custody order. But the court was entitled to make its credibility determination based on Hardy's and his mother's live hearing testimony, and, regardless of how we might consider reviewing a credibility determination for error, Hardy has presented nothing of substance to suggest the credibility determination played a significant role in the court's consideration of the controlling custody factors.